**WOLFRUM v HARTMAN et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4271.   Decided Jan 9, 1933

Kunkel & Kunkel, Cincinnati, for plaintiff in error.

Little & Little, Cincinnati, for defendant in error.

ROSS, PJ.

It is evident from the record that the joint use of the driveway was apparent to everyone after the construction of the garage by Rudolph Dauch in the rear of his premises in 1917. It is difficult to see how the garages in the rear of either of the premises can be used at least with any convenience, unless the driveway is jointly used by the adjoining premises. So manifest and obvious is this fact that it is very hard to understand why the purchasers from the brother and sister should not have protected their rights to the use of the entire driveway.

**In Frate et v Rimenik et, 115 Oh St, 11,** the second paragraph of the syllabus is as follows:

"Easements and servitudes created by a common owner of lands, which are plainly visible and from the character of which it may be fairly presumed that he intended their preservation as necessary to the proper, convenient, and reasonable enjoyment of the property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto, and neither the owner of the dominant or of the servient portions of the land has power to adversely interfere with their proper use and enjoyment."

This and cases of similar holding have been cited to us as authority for granting the relief prayed for. There is a wide difference, however, in engrafting an easement upon the land of a grantor who has created a joint user on adjacent parcels of land jointly owned and in engrafting an easement upon the land of a sister in favor of a brother and his grantees, even though the joint user of the easement originates in an agreement and the convenience or even necessity of the way of ingress and egress is apparent.

In the instant case the joint driveway was made by Sophia B. Dauch, who did not own the adjacent property at the time,

who had not owned it before and who never acquired it after the driveway was made.

The agreement of the sister and brother as to the joint use could not bind their grantees in the absence of specific reservations.

We find ourselves helpless to relieve a situation which could have been easily avoided and which is only justified by a strict adherence to rights in property, which, however, are too firmly fixed in our law to be modified even by a court of equity.

The judgment is affirmed.

HAMILTON and CUSHING, JJ, concur.